## Case No. 3,734.

### Ex parte DEDERICKS.

[3 App. Com'r Pat. 421.]

Circuit Court, District of Columbia. Dec. 4, 1860.

PATENTS—ABANDONMENT OF INVENTION—WITHDRAWAL OF APPLICATION—LACHES.

[An inventor withdrew his application for a patent, and received back a portion of the fee

paid by him to the office, and 12 years thereafter filed a new application based on the same invention. *Held*, that the delay, in the absence of excuse on the ground of extreme poverty, or ignorance by the applicant of his rights, together with the fact of the continuous exhibition of his model in the patent office, constituted an abandonment to the public. Wickersham v. Singer, Case No. 17,610, and Ex parte O'Hara, Id. 10,464, followed.]

[Appeal from the commissioner of patents.

[Application by Levi Dedericks for a patent for an improved hoisting and extending ladder. The applicant appeals from the decision of the commissioner of patents rejecting the application.]

MERRICK, Circuit Judge. The applicant in the present case filed his claim in August, 1845, which he concedes was properly rejected on the 20th of November for being too broad. The specifications were now returned to him for amendment on the 12th of December, 1845, and again on the 5th of February, 1846, coupled, it is true, with an expression of opinion that the office did not then perceive anything patentable in his machine. This letter of February 5th was not a final and absolute rejection of the claim, as appears from its special objections to the specification as enumerated in that letter, and from the further fact that the specifications were returned for further modification, which would not have been done if the office had considered its action final in the premises. It is the practice of the office to retain the specifications and drawings of all rejected applications as a proper and necessary part of their records for the use and information of the public, as well as all models of rejected applications, whether the claims be withdrawn or not. On the 23rd of October, 1846, without any renewal or amendment of his specifications, the claimant asked leave to withdraw his application, which, after some contest on his part about his obligation to return his specifications and drawings to the office before being allowed to do so, was finally done, and $20 returned to him January 28th, 1848. From that time until January 23rd, 1860, he makes no claim or effort of any sort to vindicate his rights, leaving the public for twelve years in the possession of his model, openly exhibited to the world, and with full knowledge of all the details of his invention. Under such circumstances can a party come forward and claim a patent by filing a new and original application, or has the public by his recorded declaration of abandonment, uncontradicted by him and unrevoked for twelve years, acquired an absolute right to the free use of his discovery? The question, to my mind, is clear beyond controversy.

The public have a right to assume that every party has a knowledge of the law of the land, and of the modes which it appoints to be pursued by every one who desires to procure a patent for his invention.

Those models are easy, cheap, and expeditious; and the law will assume that where an election is given to one to persist in his demand, and upon its absolute denial to appeal to another tribunal or to withdraw his claim, and have refunded to him the larger part of the price of his application, that he has calculated the value of the alternative, and deliberately made his election. This presumption, it is true, is not irrefragable. It may be explained and overcome by surrounding circumstances, such as clear proof of the extreme poverty of the applicant, that he was led into error and delusion as to the true state and condition of his rights, and was actually ignorant of the mode and means of vindicating them, and that so soon as the pressure of poverty was withdrawn, or he became aware that he had rights and means of establishing them, he with reasonable diligence set about their vindication. But in the present case no such excuses are offered; extreme indigence is not shown, and it is admitted in the argument, and appears upon the face of the papers, that the application was represented by counsel conversant with the law and practice of the office, and that he himself knew that the right of appeal was open to him, and that, notwithstanding the action of the office, he still had faith in the merit of his discovery. This being so, it was incumbent upon him, in the language of Judge Nelson in the instruction to the jury in Gaylor v. Wilder, 10 How. [51 U. S.] 477, to have "with reasonable diligence pursued his invention till he had perfected the same, and used due diligence in applying for and pursuing his application for a patent until he obtained the same."

In the case of Wickersham v. Singer [Case No. 17,610], I very carefully considered this subject, and I then said: "A withdrawal is not of itself an abandonment or dedication to the public, but is an equivocal act, to be interpreted by surrounding circumstances, and to be affected upon a second application by the subsequent conduct of the party, his diligence, or neglect and delay, in the same manner as his conduct is to be weighed in regard to an original application." In another part of the same opinion I said: "Should the office itself make a mistake in its judgment upon a case which does not create a delusion in the mind of the party as to his rights, can he repose upon that mistake, and make it operate as an indefinite excuse to him for delaying the further prosecution for those rights, either by endeavoring to convince the office, by claim for rehearing, of a palpable error, or by resorting to the easy and expeditious means for revising its decision upon appeal as the statute provides?" The question involved in that case has recently been considered by Judge Morsell in the case of Ex parte O'Hara [Case No. 10,-464], and upon a state of facts almost identical with those presented by this appellant. He sustains in every particular the positions

which I often advanced and which, sustained by his approval, I now reiterate.

Now, for the reasons aforesaid, I hereby certify to the honorable Philip F. Thomas, commissioner of patents, that having assigned time and place for hearing said appeal, and having read and considered the arguments submitted to me by the appellant's counsel, and the reason of appeal with the office to those reasons and the facts in the cause, I am of opinion that there is no error in the judgment of the office in the premises; and the same is hereby accordingly affirmed, and a patent as prayed for finally refused to said applicant.